# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES,**

    Plaintiff,

    v.

**CEDRIC HAYES and
ZACCHUES HAYES,**

    Defendants.

**Case No. 05-CR-71**

## ORDER DENYING DEFENDANTS' MOTIONS TO SEVER

On March 8, 2005, the grand jury returned a six-count indictment against Cedric Hayes ("Cedric"), charging him with acquisition and possession of firearms and drug trafficking. A jury trial on the indictment was scheduled to commence before the Honorable J.P. Stadtmueller on May 31, 2005. However, on May 26, 2005, the government filed an emergency motion to adjourn the upcoming trial, claiming that Cedric and his brother, Zacchues Hayes ("Zacchues"), were trying to intimidate and influence the testimony of two witnesses that were expected to testify against Cedric. The government's motion to adjourn was granted and, on June 7, 2005, the grand jury returned a superseding indictment (hereinafter "indictment") that added charges of witness intimidation against Zacchues and Cedric.

Cedric and Zacchues have both filed motions to sever. The pleadings on the defendants' motions to sever are now closed, and the motions are ready for resolution. A jury trial is scheduled

to commence before the Honorable J.P. Stadtmueller on September 9, 2005, with a final pretrial conference set for September 1, 2005.

## MOTIONS TO SEVER

Cedric's and Zacchues' motions to sever both request individual trials. In addition, Cedric seeks further severance, requesting a separate trial for the counts that relate to witness tampering (counts four and six) and the counts that allege possession of firearms and drug trafficking (counts one through three). Cedric claims that severance is required because (1) a joint trial would deny him access to Zacchues' exculpatory testimony, (2) the drug trafficking and firearm possession counts are not properly joined to the witness intimidation counts, (3) a joint trial would result in prejudicial spillover, and (4) he may wish to testify as to certain counts but not others. Zacchues claims that severance is required because a joint trial would result in the presentation of prejudicial evidence that would otherwise be inadmissible against him. In addition, Zacchues claims that a joint trial risks a confrontation clause violation because Cedric gave a statement that incriminates him that might be presented at a joint trial.

Joinder is governed by Federal Rules of Criminal Procedure 8 and 14. Rule 8(a) requires that all offenses joined in a single indictment or information are: (1) of the same or similar character, (2) based on the same act or transaction, or (3) connected with or constitute parts of a common scheme or plan. FED. R. CRIM. P. 8(a). Counts may be joined pursuant to "same or similar character" prong of Rule 8(a) if offenses are of like class, even if they are not temporally or evidentially related or of the identical statutory origin. United States v. Alexander, 135 F.3d 470, 476 (7th Cir. 1998). Ultimately, in determining whether the requirements of Rule 8 are satisfied, the court examines the offenses charged for categorical, not evidentiary similarities. United States v. Coleman, 22 F.3d 126,

2

133 (7th Cir. 1994). The value of joining offenses in a particular case depends upon the extent to which real efficiencies can be realized with minimal concomitant prejudice to the conduct of a fair trial. Coleman, 22 F.3d at 132.

In the opinion of this court, the drug trafficking and firearm possession charges are properly joined with the witness intimidation charges for purposes of Rule 8(a). Although the charges allege different crimes occurring at different periods of time, the alleged witness intimidation was intended to prevent incriminating testimony related to the firearm possession and drug trafficking charges. If successful, the defendants' intimidation would have weakened the government's case against Cedric and possibly resulted in the jury finding Cedric not guilty of the charged offense. Intimidation is essentially an attempt to cover up the original offense. Consequently, the charges are "connected with or constitute parts of a common scheme or plan" and satisfy the third prong of Rule 8(a). This connection between witness intimidation and an original offense has previously been recognized by the Seventh Circuit Court of Appeals, for purposes of Rule 8(a). United States v. Balzano, 916 F.2d 1273 (7th Cir. 1990)(intimidation of a witness expected to present incriminating testimony is properly joined to counts alleging conspiracy and extortion); United States v. Berardi, 675 F.2d 894, 900 (7th Cir. 1982)(obstruction of justice charge regarding an attempt to influence the testimony of a grand jury witness held sufficiently related to mail fraud and extortion charges); see also United States v. Koen, 982 F.2d 1101, 1111-1112 (7th Cir. 1992)(arson charge sufficiently related to embezzlement charge because arson was intended to coverup the defendant's self-dealing). The cited decisions set forth the law to be followed in the Seventh Circuit, and joinder of offenses will not be discussed further.

Accordingly, the court will turn its attention to whether the defendants have established sufficient prejudice to warrant severance under Rule 14. Severance is appropriate under Rule 14 only

if there is serious risk that joint trial would compromise a specific trial right of one of the defendants or the jury would be unable to reach a reliable decision about the defendant's guilt or innocence. United States v. Smith, 308 F.3d 726, 736 (7th Cir. 2002); United States v. Hughes, 310 F.3d 557, 563 (7th Cir. 2002); United States v. Rivera, 6 F.3d 431, 438 (7th Cir. 1993). The defendant has the burden of showing actual prejudice resulting from joinder, and it is not adequate to show merely that the defendant would have a better chance of acquittal if counts were severed. United States v. L'Allier, 838 F.2d 234, 241 (7th Cir. 1988); United States v. Abraham, 541 F.2d 1234, 1240 (7th Cir. 1976).

Ultimately, in considering a motion for severance, the court should give due deference to the strong public interest in having persons jointly indicted tried together. Mack v. Peters, 80 F.3d 230, 234 (7th Cir. 1996). Deference for joint trials is appropriate because joinder enhances judicial efficiency and avoids expensive and duplicative trials. United States v. Freland, 141 F.3d 1223, 1226 (7th Cir. 2002). Joint trials generally "provide[] the best perspective on the evidence as a whole" and thus "increase[] the likelihood of a correct outcome." United States v. Buljubasic, 808 F.2d 1260, 1263 (7th Cir. 1987). Moreover, joint trials "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts," which are both vital to the criminal justice system. Zafiro v. United States, 506 U.S. 534, 537 (1993)(citing Richardson v. Marsh, 481 U.S. 200, 209-10 (1987)). For all of these reasons, courts are to construe the joinder rule broadly.

With these standards in mind, the court concludes that severance is not required to prevent unfair prejudice to Cedric and Zacchues. In comparison to some multi-defendant trials, a joint trial of Cedric and Zacchues will be relatively straightforward: there are only two defendants, the charges are not complex, and the government's evidence is likely to be simple and direct. In regard to the

4

intimidation charges, the government will present evidence regarding the alleged threats Cedric and Zacchues made to each of the government's witnesses. In regard to the other offenses, the government indicates that it obtained direct evidence of the firearms and narcotics specified in the indictment from a search of Cedric's residence. (Gov. Resp. at 1-2.). Based on the foregoing, this is not the type of case that is so confusing that a limiting instruction cannot prevent the risk of "spillover"—where the jury infers guilt based on evidence relevant to only one of the defendants. On the contrary, it appears that the jury at a joint trial will understand the evidence and will properly consider it in regard to the defendant that it is intended to incriminate.

In addition, it is important for, purposes of severance, that the defendants are charged with violating 18 U.S.C. § 2 in count four of the indictment. Section 2 creates the same culpability for those who assist in the commission of an offense as those that commit an offense themselves. Thus, if one of the defendants is culpable solely because he helped to intimidate a witness, the best way for the jury to understand the charges is to try the defendants together. This allows the jury to view each defendant's role in context of the offense. Indeed, it is well established that, where the indictment charges a conspiracy or a crime having a principal and aider-abettor, the rule is that persons jointly indicted should be tried together. United States v. Kahn, 381 F.2d 824, 838 (7th Cir. 1967).

Indeed, as alleged in count four, if the defendants worked together to intimidate one of the government's witnesses, the government will need to present evidence to the jury of what Cedric and Zacchues both did, even if the trials were severed. Thus, all of the policy considerations in regard to judicial economy are considerable with respect to count four. With respect to the other charges, there is also a significant likelihood of evidentiary overlap. In fact, as the government points out in its response brief, evidence of the firearm charges and each witnesses' knowledge of those offenses will

5

be relevant to establish motive for the intimidation charges. Conversely, evidence of the defendants' intimidation efforts will be relevant to the firearm possession and drug trafficking charges to establish Cedric's consciousness of guilt. (Gov. Resp. at 5-6.); Balzano, 916 F.2d at 1281 (evidence of intimidation admissible to show consciousness of guilt); Koen, 982 F.2d at 1112 (target offense admissible to show motive or intent for intimidation); Berardi, 675 F.2d at 900 (recognizing both theories of admissibility). Thus, the court perceives little, if any, prejudice to the defendants resulting from a joint trial. See Berardi, 675 F.2d at 901.

In reaching this conclusion, the court acknowledges Cedric's claims that a joint trial might prevent him from presenting exculpatory testimony by Zacchues and that he might wish to testify as to some of the counts but not others. However, neither of those contentions have been presented with specificity. In fact, Cedric himself concedes that he does not know whether Zacchues would be willing to testify at a severed trial (Cedric Br. at 3.). In addition, Cedric gives no indication as to which of the counts he might testify if the offenses were severed and does not state the import the testimony that he *might* present. Without this particular information, the court is unable to gage the degree of prejudice that Cedric might suffer, even assuming that the trial unfolds as he contemplates. Thus, neither of Cedric's claims is sufficient to overcome the presumption favoring a joint trial, which is particularly strong on these facts.

Zacchues' claim of a potential confrontation clause violation under Bruton is similarly speculative. (Zacchues Br. at 4 citing Bruton v. United States, 391 U.S. 123 (1968)). It is based on the chance that the government will present a proffer that Cedric made to law enforcement officials. Zacchues predicts that the proffer might be introduced at a joint trial to contradict Cedric's testimony. (Zacchues Br. at 4.). Zacchues argues that admission of the proffer risks a confrontation clause

6

violation because the proffer implicates him in regard to a firearm offense. Yet, in the scenario contemplated by Zacchues, this is not the case. Even assuming that the government introduced the incriminating proffer at trial, the government's purpose would be to discredit Cedric—meaning that Cedric waived his right to remain silent and testified. If both events occur, Zacchues will have the opportunity to cross-examine Cedric, and there is no risk of violating the Sixth Amendment. Moreover, the statement in the proffer does not regard a charge pending against Zacchues and is, thus, not incriminating in regard to the indictment addressed at trial. Furthermore, if the trial court deems necessary, it could simply redact Zacchues' name or give a limiting instruction in regard to the proffer. Either are more appropriate than the extreme measure of severance at this time.

For all the reasons discussed herein, the court enters the following order on the defendants' motions to sever:

**IT IS THEREFORE ORDERED** that Cedric Hayes' motion to sever is **denied.**

**IT IS FURTHER ORDERED** that Zacchues Hayes' motion to sever is **denied.**

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin, this <u>27th</u> day of July, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge